that the subject of *Morganite, Inc.* v. *United States* (42 C.C.P.A. 207, C.A.D. 595) and that the items marked "B" consist of Morganite strips for trolley inserts similar in all material respects to those the subject of *Morganite, Inc.* v. *United States* (29 Cust. Ct. 76, C.D. 1448), the claim of the plaintiff was sustained.

No. 63548.—United China & Glass Company v. United States, protest 58/18429 (San Francisco).

Opinion by JOHNSON, J. In accordance with oral stipulation of counsel that the merchandise consists of napkin holders or trivets used in the household and that if the protest were before the collector for review, he would concede the correctness of plaintiff's claim as to the frame portion, the claim of the plaintiff was sustained. The tile portion was held properly dutiable as assessed.

No. 63549.—F. Lunning, Inc., and Traders Service Corp. et al. v. United States, protests 171899–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of vases in mineral colors similar in all material respects to those the subject of Abstract 62694, the claim of the plaintiffs was sustained.

No. 63550.—Frederik Lunning, Inc., and Airport Clearance Service et al. v. United States, protests 198160–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of vases in mineral colors similar in all material respects to those the subject of Abstract 62694, the claim of the plaintiffs was sustained.

No. 63551.—Frederik Lunning, Inc. v. United States, protests 298270–K, etc. (New York).

Opinion by JOHNSON, J.   In accordance with stipulation of counsel that the merchandise consists of vases in mineral colors similar in all material respects to those the subject of Abstract 62694, the claim of the plaintiff was sustained.

No. 63552.—Rice Bayersdorfer Co. *v.* United States, protest 313774–K (Philadelphia).

OLIVER, Chief Judge:   This protest relates to certain items 'described on the invoice as "Fibre Tree Corsage" and which were classified as jewelry under paragraph 1527(a)(2) of the Tariff Act of 1930, as amended, with a duty assessment at the rate of 55 per centum ad valorem.   Plaintiff claims that the articles are properly dutiable at the rate of 20 per centum ad valorem under paragraph 1023 of the Tariff Act of 1930, as amended by T.D. 51802, as manufactures in chief value of vegetable fiber, except cotton, not specially provided for.

A sample is in evidence (plaintiff's exhibit 1).   The article measures 4½ inches overall.   There is a small wooden base from which the article, itself, protrudes so that, when standing, it has the appearance of a small Christmas tree with Christmas ornaments imbedded in the green hemp simulating branches. There has been sprayed on the green hemp, a white substance, giving a snowlike effect.   While the front of the article is rounded to simulate the appearance of a tree, the back is flat, as though the tree were cut in half, and attached thereto is a small pin that serves as a fastening device for use of the item. The article is a familiar seasonal item that is seen at Christmas time.

Plaintiff's uncontradicted testimony establishes that the articles under consideration are chiefly used for display purposes and package decoration and that they are not jewelry.   In window displays, this merchandise is used "mainly as a background" and as "a focal point for a price tag for a large item."   (R. 9.)   In packaging merchandise, the articles in question "beautify the wrappings."   (R. 10.)   This merchandise is handled by department stores where it is sold in "the Christmas decoration department, home decoration, or gift wrapping department."   (R. 9.)   The testimony also mentions use by women and children who wear the item in question as a decoration on an article of clothing.

The appearance and the construction of the sample before us support plaintiff's testimony to the effect that the article under consideration is an inexpensive item, flimsily made, not susceptible of any permanent use, but simply a temporary decoration used during the Christmas season of the year, and that it is not jewelry.

The case of *United States* v. *Ignaz Strauss & Co., Inc.*, 37 C.C.P.A. (Customs) 32, C.A.D. 415, cited in plaintiff's brief, is pertinent.   In that case, the merchandise consisted of miniature boxing gloves, sandals, baseball gloves, and huaraches, all made of leather.   There, as here, the articles were classified as jewelry, and, in rejecting the classification, our appellate court stated as follows:

In view of the oral testimony offered on behalf of appellee together with the nature of the imported articles, it is clear to us that they cannot be